**Pooja GOSWAMI, Plaintiff,**

v.

**AMERICAN COLLECTIONS ENTERPRISE, INC., et al., Defendants.**

**Civil Action No. H–02–1318.**

United States District Court, S.D. Texas.

Aug. 9, 2003.

John Wesley Wauson, Sugar Land, TX, for Plaintiff.

David Sander, Austin, TX, for Defendant American Collections.

Opinion on Summary Judgment

HUGHES, District Judge.

### 1. *Introduction.*

The government protects debtors from having collectors (a) fail to disclose the basis for the claim, (b) badger them by embarrassing them through mail seen by the public, (c) disrupt their work by calling the office, and (d) make deceptive representations. The government does not undertake to protect debtors from the natural consequences of their delinquency, like feeling ashamed and having to deal with collectors. A company that uses neutral terms on an envelope, offers a settlement in negotiating a debt, and uses the word "amnesty" does none of the things that the law disallows.

### 2. *Background.*

Pooja Goswami had an overdue balance of about $900 on her Capital One credit card. It is a clean account debt; she simply charged more stuff on her card than she could afford. She did not make alternative credit arrangements, get a job, or otherwise meet her responsibilities to Capital One, which retained American Collections to help it.

In a letter titled "Settlement Offer & Amnesty Period," American told Goswami that, for thirty days from the date of the letter, Capital One would settle her account with a 30% discount off the balance due. To get the discount, she had to pay the entire balance at once. The letter also said that she could contact American to make other arrangements if she could not pay the full balance at that time. The outside of the envelope displayed the phrase "Priority Letter" along with the postage, Goswami's address, and return address.

Goswami claims that the phrase "Priority Letter" is barred by the law; the limit-ed time to accept is misleading; and the use of "amnesty" implicitly threatens criminal prosecution. Both parties move for summary judgment.

### 3. *Statute.*

Federal law bars debt collectors, like American, from misrepresenting the character of a debt or using misleading practices to collect one. Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692f.

■ One part of the law bans messages on envelopes. A strict interpretation—that the act prohibits all writing, save addresses, on envelopes addressed to debtors—would violate the Constitution. The government may intrude on free expression only if its regulations are precisely drawn to serve a compellingly cogent governmental interest. While this kind of social meddling has been tolerated by a supine judiciary, it cannot be read to ban messages that do not relate to embarrassing the debtor because of her status as a debtor. A collection notice could bear on the envelope an advertisement for an Internet service or for beauty products, for they would have no relation to any governmental interest in debtor sensitivity.

■ One could argue that a blanket ban of messages on collection notices keeps the government out of the dangerous habit of deciding which texts are permissible and which are not. Administrative convenience is not a compelling interest. Eliminating more speech is not a solution to the complex charge of devising constitutionally tolerated trespasses on free speech. U.S. CONST. amend. I; *see Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of N.Y.,* 447 U.S. 557, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980).

■ The sections under which Goswami sues are meant to protect debtors from

extra embarrassment by shielding the nature of debt collection letters from others. Phrases like "Priority Mail" or "Deliver to Addressee Only" or "Remember Our Troops" or "Votes for Women" imply nothing about the message inside. To construe the statute to punish the use of neutral terms like these advances no government interest and would violate the Constitution. Fortunately, the act can easily be understood to bar messages about debt collection—messages that a disinterested, reasonable person would understand to be exhibiting the addressee's status as a deadbeat.

#### 4. *Contract.*

■ Goswami argues that the letter's assertion about a 30% discount available for 30 days was deceptive because the contract between the collector and the creditor allowed discounts of up to 50% without a specific time limit. She is not a party to the American–Capital One contract, nor is she a beneficiary of it.

Goswami understands the statute to require an agent to disclose its principal's confidential instructions about levels of compromise. If her position were correct, collection agencies—and negotiations to settle debts—would be eliminated entirely.

A negotiating position is not exactly a fact; it is a contingent fact, binding as fact only if it is accepted. Bidding low is not deceitful. The letter was an offer—a negotiating position. The law does not bar American from offering to settle the debt at a thirty percent discount with no questions asked for thirty days. Under the statute, American's statements might be false if it intended when it sent the letter to reject Goswami's payment, or if it actually rejected her payment after she accepted the offer. Goswami did not accept the offer, so she cannot claim the latter; she has no proof of the former.

#### 5. *"Amnesty."*

■ The letter offered an amnesty. Goswami construes this as a threat to bring criminal charges because amnesties apply only to government prosecutions. The average American consumer does not have a clear idea of what "amnesty" means. American's references to its "client" mean the principal employing American, not a government agency. These references would not lead an unsophisticated consumer to believe that American, Capital One, or the government had the authority to grant amnesty or that they intended—or were engaged in—criminal legal action against her. Nothing in the letter or Goswami's relationship with Capital One implies governmental power. American did not imply that it could act for the government. Assuming that Goswami had this apprehension—an unlikely state of reality since she did not mention it until her amended complaint—her subjective misunderstanding of the letter does not mean that the letter was illegal. Amnesty refers to an "an intentional overlooking" as the Oxford dictionary has it. Even if it were strictly limited to the "pardon" sense, its use by a bill collector would be either poor writing or metaphorical, not threatening.

#### 6. *Conclusion.*

American did not violate the law about debt collection; nothing in the letter was dishonest. The letter did remind Goswami that she did not pay her debts as she promised; that is part of the nature of her choice to spend and not to pay. The letter offered a reduction in that debt if she would pay part of it. She cannot make herself into a victim by a twisted interpretation of a routine commercial letter. The process was legal. Goswami's will take nothing from American.

### Final Judgment

**1.** Goswami's motion for summary judgment is denied (24).

**2.** On American's motion, Pooja Goswami takes nothing from American Collections Enterprise, Inc. (12, 55).

**3.** Goswami's claims against Capital One having been dismissed with prejudice, this is a final judgment.